M‘Kean, Chief Justice:
—Upon every view of the subject, I am of opinion, that a new trial ought to be granted. The proceedings of the Court of St. Eustatius we must presume to be conformable to the law of the place; the decision appears to be strictly just; and, independent of the merits, we are bound by it, as the decision of a competent tribunal.
Shippen, Justice.
Having delivered my sentiments at large, in this action, from, another Bench, I mean now only to take notice of two new cases, cited at the last argument by the plaintiff’s counsel, to shew that actions for money had and received, had been brought and supported against plaintiffs, who had recovered 'upon foreign attachments, to oblige them to refund to third persons, the money so recovered. These are the cases of *232 Hunter v. Potts, in 4 T. Rep. 182. and Sill, and others, v. Warwick, in Henry Blackston's Rep. 665. in both of which the ruling principles appear to be, that all the parties were subject to the bankrupt laws of England, where every man is supposed to be consenting to every act of Parliament; that there was an actual vesting of the property of the bankrupt in assignees, for the benefit as well of the plaintiffs in the attachments as all the other creditors; that the plaintiffs, being jointly interested with the other creditors, and having a full knowledge of the whole transactions, took indirect measures to apply the whole property to their own use, in direct violation of the bankrupt laws, and his virtual contract with his fellow-creditors. It was, therefore, consistent with every principle of law and justice, to make those plaintiffs answerable to the assignees of the bankrupt, for the money they had so unfairly recovered by attachments in America, and which the assignees were entitled to as trustees, as well for the plaintiffs in the attachments themselves, as the other creditors. Lord Loughborough, in delivering the opinion of the Court in the latter case, is very careful to distinguish that case from the general case of the creditor, unconnected with the bankrupt laws, who recovers his debt in a competent Court of Justice, in a foreign Country: For, although he is of opinion, that the operation of the proceedings under the: bankrupt laws of England is such as to vest the personal property of the bankrupt, in every part of the World, in the assignees, from the time of the assignment, yet he expressly declares, that a creditor in a foreign country not subject to the bankrupt laws of England, nor affected by them, obtaining payment of his debt, by the judgment of a foreign Court, and coming afterwards to England, could not be made liable to refund that debt. He goes further, and says, that if the claim of the assignees of bankruptcy had been communicated to the Court, who decided the case abroad, and they had preferred the claim of the suing creditor to theirs, although he should think that determination wrong, yet it could not be revoked by another Court of Justice in England.
This principle fully reaches the cafe before us. Emery, a creditor of Fairchild, attaches his efrefts in a foreign Country, in the hands of Smith, the agent of Fairchild; Smith appears and makes defence, and, no doubt, communicated to the Court the circumstances, which, lay the foundation of the present plaintiff'claim. The Court adjudged, that the money in the hands of Smith, was the property of Fairchild, and compel him by their judgment to pay Emery his debt out of it. Now if, we should even be of opinion, that the money in the hands of Smith was the property of Rapalje, and not of Fairchild, yet, upon the principle of the case determined by Lord Fougborough, we have no power to *233 revoke that judgment. The whole matter was before that Court, and they determined the property to be Fairchild’s. The plaintiff in the attachment was wholly unconnected with the present plaintiffs, and cannot, upon any principle I know, be considered as receiving the journey to their use. The more obvious recourse for the plaintiff, is to Fairchild himself, or his estate, if he has left any; if not, it is more agreeable to law and justice, that the plaintiff should suffer by the default or failure of his own agent, than that a stranger, recovering a fair debt in a regular course of Justice, should refund the money to another stranger, with whom he had no manner of connection.
' Yeates, Justice. Whatever irregularity there may have been in rendering the foreign judgment, the judgment itself is conclusive, as the decision of a competent tribunal, upon a subject in litigation. We can have no legitimate power to revise, or annul it.
If it were necessary to remark upon the merits of the original transaction, I should deem them, under all the circumstances, in favor of the defendant. The principles in Cowp. 200. might be fairly applied to the case.
Smith, Justice, concurred, and cited 1. H. Bl.Rep. 131.
A new trial granted.*

 See the same case, decided in the same way in the Philadelphia Court of Common Pleas, an. p. 51.
Judgment was afterwards rendered for the defendant; and affirmed upon a Writ of Error in the High Court of Errors and Appeals.